UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA WATSON-PEREZ,

    Plaintiff,

v.                                    CASE No. 8:10-CV-2893-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

---

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.* Because the Commissioner of Social Security's impairment findings are inconsistent with the use of the medical-vocational guidelines, the Commissioner's decision will be reversed and the matter remanded for further proceedings.

---

    *The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

I.

The plaintiff, who was thirty-four years old at the time of the administrative hearing and who has a tenth grade education, has worked as a babysitter, cashier II, and driver/courier (Tr. 28, 30, 51). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled on May 22, 2007, due to a bad back and knees, and severe depression (Tr. 148). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "[l]umbar degenerative disc disease, fibromyalgia, chronic obstructive pulmonary disease, lower extremity weakness, major depressive disorder, bipolar disorder, and obesity" (Tr. 12). He concluded that, despite these impairments, the plaintiff can perform a "full range of sedentary unskilled work" (Tr. 13). Based upon the plaintiff's residual functional capacity, age, education, and work experience, the law judge ruled that the medical-vocational guidelines directed a finding that the plaintiff was

not disabled (Tr. 17). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305

U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The administrative law judge decided the plaintiff's claims under regulations designed to incorporate vocational factors into the determination of disability claims. See 20 C.F.R. 404.1569, 416.969. Those regulations apply in cases where an individual's medical condition is severe enough to prevent her from returning to her former employment, but may not be severe enough to prevent her from engaging in other substantial gainful activity. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 404.1569a, 416.969a. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. Id.

III.

The plaintiff attacks the law judge's decision on three main grounds. In the third ground, the plaintiff argues that the law judge erred by failing to develop relevant testimony from a vocational expert and relying instead upon the grids. This contention has merit and warrants reversal.

The law judge found that the plaintiff has, among other things, severe impairments of major depressive disorder and bipolar disorder that result in moderate restrictions in social functioning and in concentration, persistence, or pace (Tr. 12-13). Nevertheless, in the determination of the plaintiff's residual functional capacity, the law judge concluded that the plaintiff is capable of performing "the full range of sedentary unskilled work" (Tr. 13).

In the Eleventh Circuit, "[e]xclusive reliance on the grids is not appropriate either when claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985). The law judge concluded that, despite the plaintiff's severe impairments, she could perform a full range of sedentary

work (Tr. 13). He therefore applied the grids to determine that the plaintiff was not disabled (Tr. 17).

The use of the grids was error. As indicated, the law judge found that the plaintiff has severe mental impairments (Tr. 12). This means, under the regulations, that the plaintiff's depression and bipolar disorder significantly limit her mental ability to do basic work activities. 20 C.F.R. 404.1521(a), 416.921(a). It means further that, under the principle established in Francis v. Heckler, supra, 749 F.2d at 1566, "[e]xclusive reliance on the grids is not appropriate."

This conclusion is confirmed by decisions of the Eleventh Circuit. In Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989), a law judge found that the claimant, who suffered from chronic anxiety and depression, and borderline mental retardation, had nonexertional limitations concerning performing complex tasks and tolerating extraordinary stress. The law judge found that these limitations reduced the full range of light work only slightly and therefore applied the grids to determine that the plaintiff was not disabled. Id. The Eleventh Circuit concluded that this was reversible

error. Quoting Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981) (emphasis in original), the court stated (880 F.2d at 1202):

> "It is only when the claimant can clearly do unlimited types of light work, ... that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."

The Eleventh Circuit reached a similar conclusion in Marbury v. Sullivan, 957 F.2d 837 (11th Cir. 1992). There, a law judge found that a claimant, who suffered from a seizure disorder, peptic ulcer disease, and an affective disorder, had nonexertional limitations regarding working around unprotected heights or dangerous moving machinery. Id. at 839. He concluded that the claimant could perform a wide range of light work and, therefore, it was unnecessary to call a vocational expert. Id. The court of appeals reversed, citing the foregoing quotation from Ferguson v. Schweiker and Allen v. Sullivan. The court added (id.)(emphasis in original):

> Under the ALJ's findings it is evident that claimant was not able to do unlimited types of light work, because he was precluded from work around unprotected heights or dangerous moving machinery. Expert testimony was therefore required to determine whether Marbury's limitations were severe enough to preclude him

-8-

from performing a wide range of light work. Allen, 880 F.2d at 1202. An ALJ's conclusion that a claimant's limitations do not significantly compromise his basic work skills or are not severe enough to preclude him from performing a wide range of light work is not supported by substantial evidence unless there is testimony from a vocational expert. Id. It was therefore error to rely upon the grids. Sryock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985).

See also Welch v. Bowen, 854 F.2d 436 (11th Cir. 1988).

In this case, the law judge determined that the plaintiff had, among other things, severe mental impairments of bipolar disorder and a major depressive disorder, and that she had moderate difficulties in the areas of social functioning and concentration, persistence, or pace. Further, the law judge found that the plaintiff's pain medication "has some effect on her concentration" (Tr. 13). Under these circumstances, the plaintiff did not have the ability to do a full range of sedentary work. Accordingly, the law judge could not rely upon the grids, but was required to employ a vocational expert. What the Eleventh Circuit stated in Allen v. Sullivan, supra, 880 F.2d at 1202, is pertinent here: "Absent testimony from a vocational expert, the ALJ's conclusion that appellant's mental limitations do not significantly

compromise her basic work skills or are not severe enough to preclude her from performing a wide range of [sedentary] work is not supported by substantial evidence."

It is recognized that a vocational expert was present at the administrative hearing in this case (Tr. 50-53). The only hypothetical question presented to the vocational expert that is reflected in the record was limited to the plaintiff's ability to do light work with several restrictions (Tr. 52). The expert stated that, with those restrictions, the plaintiff could not perform either past work or other work in the national economy at the light exertional level (id.). No questions were asked about work at the sedentary level. Rather, the law judge relied exclusively on the grids in finding that the plaintiff was not disabled.

As previously explained, the law judge erred in relying exclusively on the medical-vocational guidelines and in failing to obtain the testimony of a vocational expert concerning the sedentary jobs that the plaintiff could perform in the national economy.

The plaintiff, as indicated, has raised other contentions regarding the law judge's decision. Those contentions are unpersuasive and do not

warrant discussion in light of the decision to remand. Nevertheless, it is appropriate to note the plaintiff's assertion that she meets, or equals, Listing 12.04 since, if that were so, she would be entitled to benefits. See 20 C.F.R. Part 404, Subpart P, Appendix 1. The law judge fully considered that listing and found that it was not met or equaled (Tr. 12-13). The plaintiff has not attempted meaningfully, as required by the scheduling Order, to show that the evidence compels a contrary conclusion. See Doc. 15, p. 2.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby **REVERSED**, and the matter is **REMANDED** for further consideration. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 12th day of January, 2012.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE